333 55 50

FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA** 2007 MAR 27  AM 11: 40
**SOUTH BEND DIVISION**

STE......... CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

|                                   |   |            |
|-----------------------------------|---|------------|
| HENRY BEVERLY,                    | ) |            |
|                                   | ) | **No:**    |
| **Plaintiff,**                    | ) |  3:07CV0137 AS |
|                                   | ) |            |
| vs.                               | ) | **Jury Demand** |
|                                   | ) |            |
| DEPUY ORTHOPAEDICS, INC. and      | ) |            |
| JOHNSON & JOHNSON,                | ) |            |
|                                   | ) |            |
| **Defendants.**                   | ) |            |

## COMPLAINT AND REQUEST FOR JURY TRIAL

## NATURE OF ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("Title"), 42 U.S.C.A. § § 2000e et seq., 1981a and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c) for the Defendants, DEPUY ORTHOPAEDICS, INC., ("DEPUY") and JOHNSON & JOHNSON ("J&J") having subjected Plaintiff, Henry Beverly ("BEVERLY") to discrimination in employment based upon race, color, national origin, sex, and age, thereby treating BEVERLY differently than other non-black employees despite BEVERLY's repeated complaints about same. Further, BEVERLY brings this action for Title VII retaliation and retaliation for whistle blowing based upon improper accounting at DEPUY.

## PARTIES

2. BEVERLY is an adult person and a resident of the State of Indiana, who at all times relevant to this action resided within the geographic boundaries of the Northern District of Indiana.

3. DEPUY is a corporation operating and doing business within the Northern District of Indiana.

4. J&J is a corporation and parent company of DEPUY and has ratified the illegal actions of DEPUY by failing to address the discrimination complaints of BEVERLY.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § § 1331, 1343, 2201 and 2202, 42 U.S.C.A. § 1981, 42 U.S.C.A. § § 2000e-5 (f) (3).

6. DEPUY and J&J are "employers" as defined by 42 U.S.C. § 2000e (b).

7. BEVERLY at all times relevant, was an "employee" as that term is defined by 42 U.S.C. § 2000e (f).

8. BEVERLY, DEPUY and J&J are "persons" within the meaning of 42 U.S.C.A. § 1981. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Indiana, South Bend Division, and venue is proper with this Court.

9. BEVERLY satisfied the obligation to exhaust his administrative remedies by timely filing formal complaints (Formal Complaint No. 470-2006-04737, 470-2006-04742, 470-2007-00838, and 470-2007-00839) of discrimination with the EEOC. BEVERLY received the necessary right to file his complaint and has filed this original action within ninety (90) days of his receipt thereof.

2

## STATEMENT OF CLAIMS

10.  BEVERLY was hired by DEPUY February 14, 2005. At all times relevant to this matter, BEVERLY was employed as a Senior Financial Analyst in the MBA Leadership Development Program. Thereafter, BEVERLY discovered that his position had been downgraded without his knowledge to a FLDP Senior Financial Analyst and, thereafter on or about March 6, 2006, Anne Hill, agent of DEPUY, downgraded BEVERLY's position to Senior Financial Analyst without so informing BEVERLY.

11.  The employment relationship between BEVERLY and DEPUY was contractual in nature.

12.  At all times relevant, BEVERLY met or exceeded DEPUY's legitimate expectations of employment.

13.  Throughout his employment with DEPUY, DEPUY through its agents subjected BEVERLY to different terms of employment based upon his race, color, national origin, sex and age.

14.  DEPUY and its agents retaliated against BEVERLY after he reported that DEPUY was using improper accounting methods which effected the financial statements submitted to J&J. Further, Title VII retaliation from his EEOC complaints on August 17, 2006.

## AS AND FOR A FIRST COUNT OF ACTION
## (Title VII-DISPARATE TREATMENT-RACE DISCRIMINATION)

15.  BEVERLY repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

3

16. BEVERLY based upon information and belief was treated differently because of his African-American decent, in that, African-American with DEPUY are given lower performance ratings and lower compensation due to their heritage.

17. Mary Langston, agent of DEPUY, held BEVERLY to a higher standard of financial reporting and deadlines than other team members that were non-black employees at DEPUY.

18. BEVERLY was given greater workloads than other non-black employees at DEPUY.

19. BEVERLY was selected for discipline and termination because of his race in that, similarly-situated, non-African-American individuals who engaged in the same behavior in which DEPUY alleges BEVERLY engaged, were not similarly disciplined or discharged.

20. DEPUY and J&J, by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff's performance in his job and created a racial, hostile, and offensive work environment. All in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964; as amended by inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-c et seq .

21. By reason of the racial discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation, and mental anguish, all to his damage.

22. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A SECOND CAUSE OF ACTION
## (Title VII-DISPARATE TREATMENT-NATIONAL ORIGIN DISCRIMINATION

23. BEVERLY repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. BEVERLY was selected for demotions and harsh discipline because of his National Origin in that similarly, non-African-American individuals who engaged in the same behavior in which DEPUY alleges BEVERLY engaged were not similarly disciplined, demoted nor terminated.

25. DEPUY and J&J, by its action or actions of its agents, caused and created a hostile work environment, which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff's performance in his job and created a racial, hostile, and offensive work environment. All in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964; as amended by inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-c et seq.

26. By reason of the national origin discrimination of DEPUY, BEVERLY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation, and mental anguish, all to his damage.

27. Further, said action on the part of the DEPUY was done with malice and reckless disregard for BEVERLY's protected rights.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-DISPARATE TREATMENT-COLOR DISCRIMINATION)

28. BEVERLY repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. BEVERLY was selected for demotions and harsh discipline because of his color in that similarly, non-black individuals who engaged in the same behavior in which DEPUY alleges BEVERLY engaged, were not similarly disciplined, demoted, nor terminated.

30. DEPUY and J&J, by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff's performance in his job and created a racial, hostile, and offensive work environment. All in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964; as amended by inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-c et seq.

31. By reason of the color discrimination of DEPUY, BEVERLY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation, and mental anguish, all to his damage.

32. Further, said action on the part of the DEPUY was done with malice and reckless disregard for BEVERLY's protected rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (AGE DISCRIMINATION IN EMPLOYMENT)

33. BEVERLY repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. BEVERLY was born on May 22, 1965, and falls within the group protected by the ADEA.

35. DEPUY discriminated against BEVERLY because of his age by demotions for positions that he was highly qualified for retaining.

36. Further, BEVERLY was treated differently when DEPUY disciplined him in comparison to younger employees similarly situated.

6

37. DEPUY's violation of the Age Discrimination Act of 1967 has proximately caused BEVERLY to suffer damages.

38. BEVERLY has no adequate remedy at law to secure relief for DEPUY's failure to promote and the loss of that employment opportunity, along with being treated differently based upon age.

39. Further, said action on the part of the DEPUY was done with malice and reckless disregard for BEVERLY's protected rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Title VII-RETALIATION)

40. BEVERLY realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. DEPUY has intentionally retaliated against BEVERLY, based upon filing complaints for Race Discrimination, National Origin Discrimination, Color Discrimination (Disparate Treatment), Age Discrimination, and Whistle-blowing for reporting improper accounting procedures at DEPUY. Further, in April of 2006, BEVERLY was subjected to an illegal psychological testing in violation to J&J and DEPUY policies by Aaron Villaruz. Aaron Villaruz intimidated BEVERLY based on BEVERLY's age and knowledge. Aaron Villaruz requested BEVERLY provide a copy of his resume for which no one else similarly situated was so required. Wherein Defendants' agents created a hostile and offensive work environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

7

42. By reason of the retaliation of DEPUY, BEVERLY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation, and mental anguish, all to his damage.

43. Further, said action on the part of the DEPUY was done with malice and reckless disregard for BEVERLY's protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of Defendants;

3. For compensatory damages in an amount according to proof for the embarrassment, humiliation, emotional distress, inconvenience, loss of prestige, damage to his professional reputation, and damage to his career he has suffered as a result of the Defendants' violations of law;

4. Punitive damages;

5. Pre-judgment and post-judgment interest on all sums recoverable;

6. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

7. For such other and further relief as the court deems proper.

Dated: 3/26/07

HENRY BEVERLY

BY:

Michael T. Smith
Trial Attorney

Michael T. Smith
6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626