UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HENRY BEVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-137 AS |
| | ) | |
| DEPUY ORTHOPAEDICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On November 15, 2007, Defendant Depuy Orthopaedics, Inc. (Depuy) filed a motion to compel. On November 28, 2007, Plaintiff Henry Beverly (Beverly) filed a response in opposition to that motion. On December 10, 2007, Depuy filed a reply in support of that motion. For the following reasons, Depuy's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.     PROCEDURE**

On March 27, 2007, Beverly filed his complaint in this Court alleging that Depuy had discriminated against him based on his race and improperly retaliated against him in violation of Title VII of the Civil Rights Act of 1964.

On July 26, 2007, this Court held a Fed. R. Civ. P. 16(b) conference, and at or around that time the parties began engaging in discovery. Around August 2, 2007, Depuy served Beverly with its first set of combined interrogatories and production requests. Depuy also provided Beverly with some blank release forms for non-party documents. On September 19, 2007, Beverely responded to Depuy's discovery requests. In general, Beverly complied with some of the requests, but he objected to most of the discovery requests.

After engaging in communications for several weeks, the parties were unable to resolve the present discovery dispute. As a consequence, Depuy filed a motion to compel on November 15, 2007. Beverly filed a response in opposition to this motion on November 28, 2007, and on December 10, 2007, Depuy filed its reply in support of its motion. This Court may rule on Depuy's motion pursuant to its referral order and 28 U.S.C. 636(b)(1)(A).

## II.  ANALYSIS

### A.  General Standards

Fed. R. Civ. P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

Discovery under Rule 26, however, is not an invitation to the proverbial fishing expedition. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); <u>Sattar v. Motorola, Inc.</u>, 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); <u>Gile v. United Airlines, Inc.</u>, 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." <u>Gile</u>, 95 F.3d at 496.

    B.    <u>Depuy's Motion to Compel</u>

Depuy served Beverly with three discovery request: requests for answers to written interrogatories under Fed. R. Civ. P. 33, a request for production of documents pursuant to Fed. R. Civ. P. 34; and the signature of standard authorization/release forms for documents that non-parties control. Depuy has different requests with regards to each, and therefore, this Court will address each in turn.

        1.    Depuy's Interrogatories

When Beverly answered Depuy's interrogatories, he first provided a section titled "General Objections." Beverly then listed five general objections that were subtitled A, B, C, D, and E respectively. Each lettered subtitle contained a different objection. For example, general objection "A" was that the interrogatory was burdensome. Beverly then prefaced these objections by stating,

> To avoid unnecessary duplication, the Plaintiff interposes the following General Objections which shall be incorporated by reference into each of his responses to

>specific interrogatories, and the inclusion or failure to include any of the following General Objections in any specific response shall not be construed as a waiver of any such objections.

(Doc. No. 38-9 at 1). In most of Beverly's answers to Depuy's interrogatories, Beverly prefaced each answer with "subject to Plaintiff's general objections," but then Beverly provided an answer as well.

Depuy argues that Beverly's answers are confusing and seeks to compel Beverly to provide clearer answers to its interrogatories. This Court agrees that Beverly's answers are insufficient. Fed. R. Civ. P. 33(b)(4) provides that "[a]ll grounds for an objection . . . shall be stated with **specificity**." (emphasis added). Beverly's answers do not comport with Fed. R. Civ. P. 33(b)(4). Beverly indicates that he objects to the interrogatory, but then he often answers the interrogatory anyway. Based on Beverly's answers, this Court cannot determine whether Beverly is withholding information based on an objection or not.

Furthermore, even if Beverly has objections, this Court finds that he has waived those objections. In his answers, Beverly tries to lasso as many objections as he can by creating his "General Objections" section and then applying it to all of his answers. However, Beverly does not argue whether, how, or why any of those objections apply in his response to Depuy's motion to compel. An underdeveloped argument, or argument not raised at all, is a waived argument. See Boyd v. Owen, 481 F.3d 520, 524-25 (7th Cir. 2007); Gates v. Towery, 507 F. Supp. 2d 904, 924 (N.D. Ill. 2007) ("[A]ny arguments that are . . . underdeveloped are deemed waived.").[1]

---

[1] Depuy also seeks to compel a specific answer to interrogatory numbered 4(d). Beverly's general objection to this interrogatory was "object-attorney client." (Doc. No. 38-9 at 6) The party seeking to invoke the attorney-client privilege bears the burden of establishing all of its elements. United States v. White, 950 F.2d 426, 430 (7th Cir. 1991) ; Ziemack v. Central Corp., 1995 WL 314526 at 3 (N.D. Ill. 1995). Beverly, in his response, does not even attempt to argue why, how, or if the attorney client privilege applies. Consequently, this Court finds that Beverly has waived the assertion of this privilege.

4

Beverly's only response in support of his answers is that Depuy answered his interrogatories just as vaguely. Whether or not Depuy's answers are sufficient is not relevant to the issues before the Court. If Beverly believes Depuy's answers are insufficient, then he should file a separate motion to compel after a Local Rule. 37.1 conference. However, Beverly cannot rely on Depuy's answers in completely separate interrogatories that are not before this Court as a justification for not answering Depuy's interrogatories.

With regards to Depuy's motion to compel answers to its interrogatories, Depuy's motion is **GRANTED**. Beverly is **ORDERED** to answer Depuy's interrogatories again, fully and completely in accordance with Fed. R. Civ. P. 33.

        2.      Depuy's Requests for Production

        a. general objections

Again, Depuy raises the general argument that some of Beverly's responses are confusing. Again, this Court agrees. Beverly prefaced his requests for production of documents with the same general objections as his responses to Depuy's interrogatories. With the requests for production, Beverly answers that "all such records in Plaintiff's possession . . . other than records covered by Plaintiff's objections, will be made available for Defendant's examination as they are kept in the usual course." (Doc. No. 38-12). Again, Beverly does not specify if documents are being withheld or the grounds for withholding them. Fed. R. Civ. P. 34 states

> [t]he response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, . . . **stating the reasons for the objection**. If objection is made to part of an item or category, the part **shall be specified** and inspection permitted of remaining parts.

(emphasis added). Beverly's answer as it stands does not comport with Fed. R. Civ. P. 34. Beverly indicates that he is both objecting and disclosing documents. Consequently, this Court

5

again cannot determine whether Beverly is withholding documents based on an objection or not. Again, Beverly does not articulate how, why, or even if any of his general objections apply in his response to Depuy's motion to compel, and as a result, this Court finds any such arguments have been waived.  See Boyd, 481 F.3d at 524-25 (7th Cir. 2007); Gates, 507 F. Supp. 2d at 924 (N.D. Ill. 2007) ("[A]ny arguments that are . . . underdeveloped are deemed waived.").

Depuy's motion to compel the production of documents is **GRANTED**.  Beverly is **ORDERED** to provide **all** documents pertaining to Depuy's requests for productions if he has withheld any of them.

### b. specific objections

Beverly objects to answering Depuy's requests for productions numbered 5-7 as not relevant.[2]  Given the broad scope of relevancy under Fed. R. Civ. P. 26 (b)(1), Beverly is fighting an uphill battle by merely claiming the discovery Depuy seeks is not relevant.

In request for production numbered 5, Depuy requests:

> All documents containing or referring to complaints made by Plaintiff about discrimination against him because of his race by . . . any organization, company, entity, individual or person other than DePuy and its employees and/or agents.

(Doc. No. 38-13 at 3).  Requests for production numbered 6 and 7 seek similar documents relating to former discrimination complaints that Beverly made.[3]  (Id. at 4).

---

[2] Depuy also originally sought to compel Beverly to produce documents in relation to request for production number 8. Depuy has represented that they have received these documents via a non-party subpoena. Consequently, this Court considers any dispute with regards to request for production number 8 moot, and it will not be addressed.

[3] Request numbered 6 seeks "[a]ll emails and other documents that were the subject of Plaintiff[']s [sic] discrimination complaint during his employment at Ernst & Young." Request for production numbered 7 seeks "[t]he severance or settlement agreement between Plaintiff and Ernst & Young."

Beverly argues that any documents regarding former discrimination complaints are not relevant to this litigation. Depuy argues that the documents are relevant. Specifically, Depuy asserts that if Beverly has a history of making discrimination claims against his employers, documents that reflect that history are relevant to Beverly's credibility, motive, or both. This Court agrees. If Beverly has a history of filing discrimination complaints against his employers, that fact is relevant to the credibility of his claims as well as his motive for filing this lawsuit. The validity of Beverly's claims is an issue in dispute in this case. Consequently, Depuy has sufficiently articulated how the documents from requests for production 5, 6, and 7 are relevant to issues in this litigation or may even lead to relevant evidence. Fed. R. Civ. P. 26 requires nothing more. Also, Beverly has not articulated any other objections for producing the discovery. Consequently, Beverly is **ORDERED** to respond to Depuy's request for production numbered 5, 6, and 7.

### 3. Depuy's Request for Release Forms

Depuy also provided Beverly with release forms for certain records in the possession of non-parties. Initially, Beverly objected to signing the forms and providing them to Depuy because the forms were blank, and as a result, Beverly did not know which records he was releasing.

Depuy essentially found that this objection was legitimate because Depuy has provided Beverly with amended release forms since it filed its motion to compel. Apparently, Beverly has complied with Depuy's requests and provided some signed release forms for records held by non-parties. However, Depuy still claims they have not received release forms for some records held by non-parties.

7

This Court finds that the dispute regarding the release forms is not ripe. When Depuy filed its motion to compel, it had provided Beverly with non-specific release forms. Beverly indicated in the response to the motion to compel that the forms were far too generic, and that Beverly would not provide the forms unless he knew what records from which entites were being released. Since that time, the circumstances have changed. Depuy has now provided amended release forms and Beverly has apparently signed some of them. Beverly has not had an opportunity to object to any of the amended release forms or provide a reason for his objection, or whether Beverly even objects to providing the forms at all. Also, the parties have not had the opportunity to discuss the dispute pursuant to Local Rule 37.1. In essence, this dispute is a new dispute that has not been fully developed. Consequently, it would be premature for this Court to compel Beverly to provide Depuy with the forms. The parties are **ORDERED** to confer regarding the outstanding forms and attempt to resolve any disputes amongst themselves. If the parties can not reach an amenable solution, then Depuy may file another motion to compel. However, Depuy's motion to compel Beverly to provide the signed forms at this time is not ripe, and therefore, it is **DENIED**.

### III.    CONCLUSION

Depuy's motion is **GRANTED IN PART** and **DENIED IN PART** [Doc. No. 38]. Depuy's requests to have Beverly provide more specific answers and objections to Depuy's interrogatories and requests for production is **GRANTED**. Depuy's motion to compel Beverly to disclose documents relating to his past claims of discrimination against employers is **GRANTED**. However, Depuy's motion to compel Beverly to provided signed release forms is

8

**DENIED** because the dispute over the release forms is not ripe.  Beverly shall comply with

Depuy's requests by **January 31, 2008**.

    **SO ORDERED.**

Dated this 2nd Day of January, 2008.

                                  <u>S/Christopher A. Nuechterlein</u>
                                  Christopher A. Nuechterlein
                                  United States Magistrate Judge